UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
PIERRE AUGUSTIN,                                             :
                                                             :
                      Plaintiff,                             :
                                                             :         **REPORT AND RECOMMENDATION**
         -against-                                           :
                                                             :         No. 14 Civ. 182 (CBA) (VMS)
APEX FINANCIAL MANAGEMENT,                                   :
                                                             :
                      Defendant.                             :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Pro se Plaintiff Pierre Augustin ("Mr. Augustin" or "Plaintiff") brings this action alleging that Defendant Apex Financial Management ("Apex" or "Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by accessing his consumer credit report without his consent. Presently before the Court, on referral from the Honorable Carol Bagley Amon, is Plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) for default judgment. For the reasons stated herein, this Court respectfully recommends that Plaintiff's motion be denied, and the Complaint be dismissed.

**I.   BACKGROUND**

Unless otherwise noted, the following facts are drawn from the Complaint and are accepted as true for purposes of the liability portion of this motion. See Compl., ECF No. 1.

Mr. Augustin is a resident of Queens, New York. Compl. ¶ 3.[1] Apex is an "unknown entity" with offices in Buffalo Grove, Illinois. Id. ¶ 4. On November 21, 2013, Mr. Augustin

---

[1] Mr. Augustin has filed several similar cases alleging FCRA violations. See Augustin v. P&B Capital Grp., LLC, No. 14 Civ. 181 (CBA) (VMS) (E.D.N.Y. Jan. 8, 2014); Augustin v. Enhanced Recovery Co., LLC, No. 14 Civ. 180 (CBA) (VMS) (E.D.N.Y. Jan. 8, 2014); Augustin v. Capitol One US Card, No. 14 Civ. 179 (CBA) (VMS) (E.D.N.Y. Jan. 8, 2014); Augustin v. Midland Credit Mgmt., No. 12 Civ. 6071 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (voluntarily dismissed); Augustin v. Portfolio Recovery Assocs., LLC, No. 12 Civ. 6070 (CBA)

examined his Experian consumer credit report and saw that Apex had accessed, or "pulled," his credit report on October 14, 2011.  Id. ¶¶ 9-10.  Mr. Augustin states that he did not consent to Apex acquiring his consumer credit report from any credit reporting agency, and he never communicated with Apex concerning business dealings, credit requests, employment applications, insurance applications or credit offers.  Id. ¶¶ 17-18.

Mr. Augustin brought this action alleging a willful violation of the FCRA.  See Compl. at Count I.[2]  According to the proof of service, Plaintiff's process server, Gregory Valentine ("Mr. Valentine"), served the summons and Complaint on Mara Velasco ("Ms. Velasco"), a "process specialist" whom Mr. Valentine declared was "designated by law to accept service of process on behalf of" Apex.  Aff. of Serv., ECF No. 8.  After Apex failed to answer or otherwise respond to the Complaint, Mr. Augustin requested that the Clerk of Court issue a Certificate of Default.  Req. for Cert. of Default, ECF No. 12.[3]  The Clerk of Court issued the Certificate of Default, see

---

(VMS) (E.D.N.Y. Dec. 10, 2012) (voluntarily dismissed); Augustin v. Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (voluntarily dismissed following this Court's issuance of a report and recommendation recommending that the defendants' motion to dismiss be denied); Augustin v. Receivables Perform Mgnt, No. 12 Civ. 6068 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (voluntarily dismissed); Augustin v. Calvary Portfolio Svcs, No. 12 Civ. 6067 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (voluntarily dismissed); Augustin v. Transunion, No. 12 Civ. 3805 (CBA) (VMS) (E.D.N.Y. July 30, 2012) (voluntarily dismissed); Augustin v. Experian, No. 12 Civ. 3804 (CBA) (VMS) (E.D.N.Y. July 30, 2012) (voluntarily dismissed); Augustin v. Equifax, No. 12 Civ. 3803 (CBA) (VMS) (E.D.N.Y. July 30, 2012) (voluntarily dismissed).

[2] As paragraph 20 of the Complaint ends mid-sentence, see Compl. ¶ 20, in Augustin v. Equable Ascent Financial, No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012), (ECF No. 16), the Court informed Plaintiff "that a page may be missing from the complaint in Augustin v. Apex Financial Management," and advised Plaintiff that "Plaintiff should confirm that a complete copy of that complaint is on file."  Id. at 2-3 n.1.  Plaintiff did not thereafter seek to amend or supplement the Complaint in this action.  Rather, he moved for default judgment on the original pleading.  In any event, for the reasons discussed below, permitting Plaintiff to amend the Complaint would be futile.

[3] Although Plaintiff served his initial papers requesting a certificate of default on Apex, see Cert. of Serv., ECF No. 11; Req. for Cert. of Default, ECF Nos. 9-10, Plaintiff subsequently filed a

Entry of Default, ECF No. 14, and Mr. Augustin thereafter moved for default judgment. Pl. Mot., ECF No. 13.

## II.     ANALYSIS

For the reasons discussed below, this Court respectfully recommends that Plaintiff's motion for default judgment be denied.

### A.     The Legal Standard On A Motion For Default Judgment

Plaintiff moves for a default judgment pursuant to Rule 55. Fed. R. Civ. P. 55. A two-step process exists for obtaining a default judgment. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). First, when a party has failed to plead or otherwise defend, at a plaintiff's request, the Clerk of the Court enters a certificate of default per Rule 55(a). Second, the moving party may make an application for entry of a default judgment per Rule 55(b). In this case, as discussed above, the Clerk of Court entered default as to Apex, and Plaintiff moved for entry of a default judgment.

"The decision to grant a motion for a default judgment lies in the sound discretion of the trial court." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing Shah v. N.Y.S. Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999)); see Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 141 (E.D.N.Y. 2013) (same). Courts must be cautious in awarding default judgment because it is an extreme remedy that should only be granted as a last resort. See Mickalis Pawn Shop, 645 F.3d at 128 (courts in this Circuit have "a strong preference for resolving disputes on the merits" (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005))); State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir. 2004) ("Default judgments 'are generally disfavored and are reserved for rare occasions.'"

---

corrected version of his request, see Req. for Cert. of Default, ECF No. 12, and there is no indication on the docket that the corrected papers were served on Defendant.

(quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993))); Akhalia v. Guardia, No. 11 Civ. 531 (ARR) (CLP), 2013 WL 2395974, at *3 (E.D.N.Y. May 31, 2013) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)).  "[W]hen doubt exists as to whether a default should be granted . . . , the doubt should be resolved in favor of the defaulting party."  Enron Oil Corp., 10 F.3d at 96.

### 1. Service Requirements Under the Federal And Local Rules

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint."  SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)).  Therefore, the court should consider whether the plaintiff has shown that the defendant had notice of the action and an opportunity to defend against it.

Establishing proper service is also integral to determining whether the Court has personal jurisdiction over the defaulting defendant.  See In re Kalikow, 602 F.3d 82, 92 (2d Cir. 2010) ("Before a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service . . . must be satisfied." (quoting Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006))).  "A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties."  Mickalis Pawn Shop, 645 F.3d at 138; see Covington Indus., Inc. v. Resintex A. G., 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity."); DeCurtis v. Upward Bound Int'l, Inc., No. 09 Civ. 5378 (RJS), 2012 WL 4561127, at *4 (S.D.N.Y. Sept. 27, 2012) ("[A] 'judgment entered against a party not subject to the personal jurisdiction of the court [due to] defective service . . . must be set aside as a matter of law.'"

(quoting Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998))), aff'd sub nom. De Curtis v. Ferrandina, 529 F. App'x 85 (2d Cir. 2013).[4]

We look to the service here to see if Apex had notice of the suit. As stated in Mr. Valentine's affidavit, he served process on Ms. Velasco, Apex's process specialist, see Aff. of Serv., ECF No. 8, which this Court understands to be service pursuant to Rule 4(h). Fed. R. Civ. P. 4(h)(1)(B) (permitting service on a corporation, partnership or unincorporated association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"). At least in the context of service on corporations, "the process server may rely upon the corporation's employees to identify the individuals authorized to accept service." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). The process server's reliance on corporate personnel must simply be "reasonable." Id. Thus, a court found unreasonable a process server's reliance on the statement of a security guard, who was not an employee of defendant, that she was authorized to accept service. See TAGC Mgmt., LLC v. Lehman, 842 F. Supp. 2d 575, 584-85 (S.D.N.Y. 2012).

The Court has some concerns about the validity of service of process in this case. On the record before the Court, it is not clear that Mr. Valentine's statement, made under penalty of perjury, that Ms. Velasco was authorized to accept service demonstrates reasonable reliance. A process specialist is not "an officer, a managing or general agent," Fed. R. Civ. P. 4(h)(1)(B), and Mr. Valentine's affidavit does not describe the basis of his knowledge that Ms. Velasco was

---

[4] Furthermore, a failure to properly serve a defendant cannot "be ignored on the mere assertion that a defendant had 'actual notice.'" Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (listing cases).

"designated by law to accept service of process on behalf of" Apex.  Aff. of Serv., ECF No. 8.[5] Were the Court not recommending that the motion for default judgment be denied for the reasons stated below, the Court would further inquire into the sufficiency of service, as it would be of no benefit to the Court or Plaintiff to enter a potentially meaningless default judgment.  See Mickalis Pawn Shop, 645 F.3d at 138.

Furthermore, Plaintiff failed to comply with Local Civil Rule 55.2, in that the application for default judgment did not "append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."  E.D.N.Y. Local Civ. R. 55.2(b).  In addition, it is not clear that these documents were mailed to Apex at "the last known business address of such party."  E.D.N.Y. Local Civ. R. 55.2(c).[6]  Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew with an affidavit demonstrating proper service.  See Apex Mar. Co. v. Furniture, Inc., No. 11 Civ. 5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying the plaintiffs' motion for default judgment without prejudice for failure to comply with the Local Rules); Badalamenti v. Country Imported Car Corp., No. 10 Civ. 4993 (SJF) (GRB), 2012 WL 601481, at *2 (E.D.N.Y. Feb. 22, 2012) ("[T]he rules require that the Clerk's certificate of default be appended to the motion," and the failure to comply with "[t]his technicality alone supports [a] denial of [the] plaintiff's motion for a default judgment."); cf. United States v. Howard, No. 12 Civ. 0117 (LEK) (ATB), 2014 WL 4265839, at *1 (N.D.N.Y. Aug. 27, 2014) (denying the plaintiff's motion to reconsider the court's order dismissing the case

---

[5] In addition, Mr. Valentine stated that he is located in Elmhurst, New York, yet he charged just $45.00 for his time and travel expenses in effecting service in Buffalo Grove, Illinois two days after the summons was issued by the Clerk of Court.  Aff. of Serv., ECF No. 8.

[6] Although Plaintiff submitted an affirmation of service for his motion papers, see Aff. of Serv., ECF No. 13-3, and that affirmation mentions the "attached" Certificate of Default being served on Apex, the Certificate of Default was not in fact attached to the papers filed with the Court.

6

with prejudice after the plaintiff thrice filed motions for default judgment that failed to comply with the service requirements under that court's local rules).

The Court respectfully recommends that the motion for default judgment be denied because of the service deficiencies. In this case, as discussed below, the Court also respectfully recommends denying the motion with prejudice for reasons that would not be cured by service pursuant to Local Civil Rule 55. Therefore, the Court will not recommend requiring pro se Plaintiff to remedy any service deficiencies at this time.

### 2.     Entry Of A Default Judgment

When considering whether to enter a default judgment, a court must be "guided by the same factors [that] apply to a motion to set aside entry of a default." First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc., No. 10 Civ. 4398 (JS) (AKT), 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011); see Enron Oil Corp., 10 F.3d at 96. These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense. See Swarna v. Al-awadi, 622 F.3d 123, 142 (2d Cir. 2010); Enron, 10 F.3d at 96.

As for the first factor, a defendant's failure to respond to the complaint is sufficient to demonstrate willfulness. See Bds. of Trs. of Ins., Annuity, & Apprenticeship Training Funds of Sheetmetal Workers' Int'l Ass'n, Local Union No. 137 v. Frank Torrone & Sons, Inc., No. 12 Civ. 3363 (KAM) (VMS) (E.D.N.Y. Feb. 3, 2014) (ECF No. 17 at 5) (the defendant's non-appearance and failure to respond equated to willful conduct), R. & R. adopted, No. 12 Civ. 3363 (KAM) (VMS), 2014 WL 674098 (E.D.N.Y. Feb. 3, 2014); Traffic Sports USA v. Modelos Restaurante, Inc., No. 11 Civ. 1454 (ADS) (AKT), 2012 WL 3637585, at *2 (E.D.N.Y Aug. 1, 2012) (same), R. & R. adopted, No. 11 Civ. 1454 (ADS) (AKT), 2012 WL 3626824 (E.D.N.Y.

Aug. 22, 2012); cf. Green, 420 F.3d at 109 (in the context of a motion to vacate a default judgment, the defendants' failure to respond to the complaint or "take action after receiving notice that the clerk had entered a default against them," supported a finding of willfulness).

Here, as discussed above, it is unclear whether Apex received proper service of process, and Apex did not receive proper service of the Certificate of Default or the present motion. In these circumstances, Plaintiff has not demonstrated that Apex's failure to respond was willful. Had Plaintiff adequately established the first factor, Plaintiff would have been able to satisfy the second and third factors. As to the second factor, ignoring a default may prejudice a plaintiff because "there are no additional steps available to secure relief in this Court." Flanagan v. N. Star Concrete Const., Inc., No. 13 Civ. 2300 (JS) (AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014) (quoting Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)). As to the third factor, where a defendant has not "filed an answer, there is no evidence of any defense." Bridge Oil Ltd., 2008 WL 5560868, at *2 (citing Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584, at *3 (S.D.N.Y. Apr. 25, 2003)). Nonetheless, Plaintiff has not established a willful default, and for this reason the Court therefore respectfully recommends that entry of a default judgment be denied.

### B. Default Judgment Liability

Although entry of a default judgment is not warranted for the reasons stated above, the Court will nevertheless consider whether the Complaint adequately established Defendant's liability. Assuming arguendo that entry of a default was appropriate, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is

8

established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015). A default is a concession of all "well pleaded" factual allegations of liability in the complaint. Bricklayers & Allied Craftworkers Local 2, 779 F.3d at 189 (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)); see Steginsky v. Xcelera Inc., 741 F.3d 365, 368 (2d Cir. 2014) (under both a motion to dismiss and a motion for default, the plaintiff must proffer well-pleaded allegations); Lanzafame v. Dana Restoration, Inc., No. 09 Civ. 0873 (ENV), 2011 WL 1100111, at *2 (E.D.N.Y. Mar. 22, 2011) (discussing the "threshold requirement" that a complaint be well-pleaded); First Mercury Ins. Co, 2011 WL 883757, at *1; Unitrans Consol., Inc. v. Classic Closeouts, No. 09 Civ. 2098 (SLT) (SGM), 2010 WL 1265206, at *2 (E.D.N.Y. Mar. 31, 2010) ("[T]he well-pleaded factual allegations in the complaint are deemed admitted upon a defendant's default . . . ."); 10 Moore's Federal Practice § 55.32 (Matthew Bender 3d ed. 2014); cf. Friedman v. Sharinn & Lipshie, No. 12 Civ. 3452 (FB) (CLP), 2013 WL 1873302, at *3 (E.D.N.Y. Mar. 28, 2013) (in deciding whether to grant liability on a motion for default judgment, a court must consider whether "the claims were pleaded in the complaint, thereby placing the defendant on notice" (citing Rule 54(c))), R. & R. adopted, No. 12 Civ. 3452 (FB) (CLP), 2013 WL 1869924 (E.D.N.Y. May 3, 2013).

The question is thus whether the plaintiff's allegations in the complaint, if accepted as true, establish liability for the plaintiff's claims. See Mickalis Pawn Shop, 645 F.3d at 137 ("[P]rior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" (quoting Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009))); James v. Arango, No. 05 Civ. 2593 (TCP)

9

(AKT), 2011 WL 1594832, at *3 (E.D.N.Y. Mar. 28, 2011) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)), R. & R. adopted, No. 05 Civ. 2593 (TCP) (AKT), 2011 WL 1627099 (E.D.N.Y. Apr. 27, 2011); Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("The fact that a complaint stands unanswered does not, however, suffice to establish liability on its claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading."). On a motion for default judgment, the burden is on the plaintiff to establish the defendant's liability, and a failure to plead sufficient facts may require the denial of the motion. See Danser v. Bagir Int'l, 571 F. App'x 54, 55 (2d Cir. 2014); Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas, 509 F. App'x 54, 58 (2d Cir. 2013).[7]

Additionally, concerning Plaintiff's status as a pro se litigant, it is well settled that a pro se complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly . . . we remain obligated to construe a pro se complaint liberally."). On a motion for default judgment, "a pro se plaintiff should not lose the benefit of a liberal construction of his complaint simply because the defendant has chosen not to appear," and "[w]here the facts alleged in a pro se complaint are sufficiently clear to put the defendant on

---

[7] There is some disagreement among the Courts as to whether on a default motion, the Court must assess whether the complaint is in fact well-pleaded or if the Court may simply enter a default on the plaintiff's non-frivolous claims based on the defendant's failure to appear. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 118-23 (2d Cir. 2015) (Korman, J., concurring in part and dissenting in part) (finding that a defendant's non-appearance requires the entry of default on any non-frivolous claims, and citing to, inter alia, Trans World Airlines, Inc. v. Hughes, 449 F.2d 51 (2d Cir. 1971)); but see Greathouse, 117 n.17 (2d Cir. 2015) (questioning whether Trans World Airlines "remains good law in light of this Court's subsequent jurisprudence" and noting that "the Court in that case did not hold that a district court lacks discretion to investigate the basis for a plaintiff's claims before deciding whether to grant default judgment").

notice that a cause of action not explicitly stated may be fairly implied, a defaulting defendant risks being held liable for damages on those claims." Belizaire v. RAV Investigative & Sec. Servs. Ltd., 61 F. Supp. 3d 336, 356 (S.D.N.Y. 2014).[8]

Here, Plaintiff alleges that Defendant violated the FCRA. The Court will address Plaintiff's claim below.

### 1. The Relevant Provisions of the FCRA

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). In furtherance of these goals, 15 U.S.C. § 1618b requires that credit reports only be obtained for permissible purposes. 15 U.S.C. § 1618n provides a civil right of action for willful violations of the FCRA, including of 15 U.S.C. § 1618b.

#### a. 15 U.S.C. §§ 1618b And 1618n

Pursuant to 15 U.S.C. § 1618b:

> A person shall not use or obtain a consumer [credit] report for any purpose unless-

---

[8] In an earlier decision on a separate matter filed by Mr. Augustin, this Court previously noted that Mr. Augustin "has now become well versed on the pleading requirements" for FCRA actions. Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Jan. 30, 2014) (ECF No. 16 at 5). The degree of solicitude normally afforded to pro se litigants "may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010); see Sledge v. Kooi, 564 F.3d 105, 109 (2d Cir. 2009) (stating, in dicta, that "a court would do well to limit the withdrawal of special status to specific contexts in which the litigant's experience indicates that he may be fairly deemed knowledgeable and experienced"). The Court informed Mr. Augustin that "for any complaints he files going forward, a court may find it appropriate to hold him to the same pleading standard to which represented litigants are held." Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Jan. 30, 2014) (ECF No. 16 at 5). The Complaint in this action was filed prior to the Court's report and recommendation in Equable Ascent Financial. In any event, whether the Court applies special solicitude to Mr. Augustin's pleadings or holds his pleadings to the standard required of represented litigants, the Court's recommendation to deny Plaintiff's motion would remain the same.

>> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
>> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

An entity seeking to obtain consumer credit reports must first certify to the reporting agency that it is requesting such reports for a permissible purpose and will use the information contained therein for no other purpose. 15 U.S.C. § 1681e. Permissible purposes include, <u>inter alia</u>, use in connection with a credit transaction, employment purposes, the underwriting of insurance, a valuation of credit, a business purpose related to a transaction initiated by the consumer, or as allowed by the consumer's written instructions. <u>See</u> 15 U.S.C. § 1681b(a).

Civil liability for FCRA violations is governed by 15 U.S.C. §§ 1681n and 1681o.[9] Under 15 U.S.C. § 1681n, when an entity "willfully fails to comply with any requirement" of the FCRA, that entity will be liable to the consumer for:

>> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; [ . . . ]
>
>> (2) such amount of punitive damages as the court may allow; and
>
>> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

---

[9] The latter provision, 15 U.S.C. § 1681o, concerns negligent noncompliance and is not relevant here. 15 U.S.C. § 1681o bases recovery on the consumer's actual damages. In this case, Mr. Augustin explicitly titled his claim as one for a willful violation under 15 U.S.C. § 1681n, <u>see</u> Compl. at Count I, and he did not allege any actual damages which might form the basis for recovery for negligent noncompliance.

12

### b. The Pleading Requirements Under 15 U.S.C. §§ 1681b And 1681n

A plaintiff's allegation that he knew of no permissible purpose for the defendant's accessing his credit report has been found sufficient to allege a technical violation of 15 U.S.C. § 1681b. See Moses Perl v. Am. Exp., No. 12 Civ. 4380 (ER), 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012);[10] Farkash v. RJM Acquisitions Funding, Inc., No. 12 Civ. 735 (ER), 2012 WL 2619710, at *3 (S.D.N.Y. July 5, 2012); Perl v. Plains Commerce Bank, No. 11 Civ. 7972 (KBF), 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012).

Those same allegations concerning the plaintiff's knowledge have been found insufficient to allege willfulness, as "it is just as possible, based on [such] factual allegations, that the defendant in each case made an innocent mistake." Plains Commerce Bank, 2012 WL 760401, at *2 (dismissing the plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)); see Moses Perl, 2012 WL 2711270, at *3 (the plaintiff's allegation that he had no account with the defendants was insufficient to allege their state of mind; the "[d]efendants' conduct could just as likely have been unintentional"); Farkash, 2012 WL 2619710, at *3 (dismissing the plaintiff's willful violation claim where the complaint "fail[ed] to allege facts suggesting that [the defendants] were more than innocently mistaken"); see also Smith v. Safeco Ins., No. 13 Civ. 2788 (VMK), 2013 WL 5609323, at *2 (N.D. Ill. Oct. 11, 2013) (dismissing the plaintiff's claim where the allegations "merely introduce the possibility that [the defendant] willfully violated the FCRA," stating "it is also possible that [the defendant] pulled [the plaintiff's] credit reports by mistake"); King v. Equable Ascent Fin., LLC, No. 12 Civ. 443 (CCE), 2013 WL 2474377, at *3 (M.D.N.C.

---

[10] This Report and Recommendation cites to two cases with similar names, Moses Perl v. American Express, 2012 WL 2711270, and Israel Perl v. American Express, No. 11 Civ. 7347 (KBF), 2012 WL 178333, at *3 (S.D.N.Y. Jan. 19, 2012). For clarity, the Court uses the plaintiffs' full names when citing to these cases.

13

June 10, 2013) (the plaintiff's "conclusory statement that [the defendant] did not have a permissible purpose is insufficient to state a [willful violation] claim").[11]

In contrast, a plaintiff's pleadings have been found sufficient to allege willfulness where the plaintiff alleges that the defendant had prior notice of the potential for a violation, such as a warning from the plaintiff that it had no lawful reason to pull the plaintiff's credit report. See Smith, 2013 WL 5609323, at *3 (stating that if the defendant had pulled the plaintiff's credit report "after he told [the defendant] that he was not interested in obtaining insurance from them, then [the plaintiff's] allegation would likely support a claim for willfulness"). Similarly, where the particular provision of 15 U.S.C. § 1681b requires obtaining the plaintiff's consent and the defendant fails to do so, that allegation of failure may suffice to plead willfulness. See Boyd v. CEVA Freight, LLC, No. 13 Civ. 00150 (JAG), 2013 WL 6207418, at *7 (E.D. Va. Nov. 27, 2013) (where the defendant accessed the plaintiff's credit report for employment purposes, without obtaining the plaintiff's required consent, the plaintiff adequately pleaded a claim for a willful violation; the court stated that 15 U.S.C. § 1681b is clearly worded and the defendant's unreasonable interpretation of § 1681b did not negate willfulness).

Additionally, several courts have found "assertions that a defendant repeatedly violated the FCRA sufficient to allege reckless—and, therefore, willful—misconduct." Singleton v. Domino's Pizza, LLC, No. 11 Civ. 1823 (DKC), 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012)

---

[11] Prior to Iqbal and Twombly, some courts accepted pleadings with less specificity as to the willfulness element. See, e.g., Murray v. E*Trade Fin. Corp., No. 05 Civ. 5433 (PEP), 2006 WL 2054381, at *3 (N.D. Ill. July 19, 2006) (under a notice pleading standard, the plaintiff's bare allegation that the defendant willfully accessed his credit report for an improper purpose was sufficient; the defendants prepared and reviewed documents related to the credit pull and "are presumed to know the law"); cf. Smith v. LexisNexis Risk Solutions, Inc., No. 12 Civ. 8872 (RMD), 2014 WL 866413, at *3 (N.D. Ill. Mar. 5, 2014) ("Even before Iqbal (but after Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)), the Seventh Circuit recognized that some factual detail was required to support an allegation of willfulness in the FCRA context.").

(allegations that the defendant habitually violated the provisions of 15 U.S.C. § 1681b(b) related to employees' credit reports, as evidenced by the defendant's treatment of the two plaintiffs, was sufficient to allege willfulness).[12] Indeed, this Court recently recommended that it was "facially plausible that [the defendant] acted willfully when it accessed [the plaintiff's] credit report three times over a seven-month span." Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (ECF No. 16 at 12-13).[13] Similarly, a court in this Circuit held that the plaintiff sufficiently alleged willfulness where the defendant "repeatedly informed" the plaintiff "that it could not find any record of an account belonging to him or her." Israel Perl, 2012 WL 178333, at *3. "If . . . the defendant was well aware that the plaintiff had no account, it plausibly follows that it had no permissible purpose for obtaining the plaintiff's credit report." Id. (citation omitted).

### 2. The Complaint Does Not State A Claim For A Willful Violation Of 15 U.S.C. § 1681b

In this case, Plaintiff's factual allegations, accepted as true, are not sufficient to establish a willful violation of 15 U.S.C. § 1681b. Plaintiff alleges that Defendant pulled his credit report on only one occasion, October 14, 2011. Compl. ¶ 9. Although repeated unauthorized pulls of a plaintiff's credit report may in some instances demonstrate willfulness, see Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Dec. 10, 2012) (ECF No. 16 at 12-13), the single pull

---

[12] See Smith v. HireRight Solutions, Inc., 711 F. Supp. 2d 426, 435 (E.D. Pa. 2010) (where, on three occasions, the plaintiff's "sole criminal record offense was reported multiple times on a credit report," the court could "reasonably infer that [the defendant's] repeated engagement in the same type of objectionable conduct without justification could, at minimum, rise to the level of reckless disregard" of 15 U.S.C. § 1681e(b), which requires procedures assuring accuracy of information on credit reports); Romano v. Active Network Inc., No. 09 Civ. 1905 (SDY), 2009 WL 2916838, at *3 (N.D. Ill. Sept. 3, 2009) (willfulness was sufficiently alleged based on repeated violations of 15 U.S.C. § 1681c(g); moreover, "[t]he willfulness issue cannot always be resolved at the motion to dismiss stage since it may involve facts beyond the pleadings").

[13] Equable Ascent Financial was resolved prior to a decision by the District Judge on the Report and Recommendation.

of Plaintiff's credit report by Defendant is not sufficient to state a claim. See generally Betz v. Matte, No. 12 Civ. 5946 (SJF) (ETB), 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (granting a motion to dismiss the plaintiff's FCRA complaint alleging that the defendants twice pulled his credit report with no permissible purpose, because the plaintiff failed to allege willfulness or negligence); Nowlin v. Avis Budget Grp., No. 11 Civ. 511 (CCE) (PTS), 2011 WL 7087108, at *1 (M.D.N.C. Dec. 22, 2011) (recommending dismissal of the complaint due to the plaintiff's conclusory allegations that the defendant willfully pulled the plaintiff's credit report on two occasions), R. & R. adopted, No. 11 Civ. 511 (CCE) (PTS), 2012 WL 204162 (M.D.N.C. Jan. 24, 2012).

Furthermore, a plaintiff's conclusory assertions of willfulness do not suffice. See Braun v. Client Servs. Inc., 14 F. Supp. 3d 391, 398 (S.D.N.Y. 2014) (granting a motion to dismiss a claim of a willful violation pleaded "in conclusory fashion" that "amount[ed] to nothing more than a formulaic recitation of the elements of a cause of action"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Here, there are no allegations that Defendant had prior notice of the potential for a violation, or any other allegations that would render it facially plausible that Defendant's conduct was the product of willfulness rather than mistake. As Plaintiff has not adequately pleaded Defendant's liability for the sole claim raised in the Complaint, the motion for a default judgment should be denied.

### C.   The Complaint Should Be Dismissed As Without Merit

"District courts generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

16

claim might be stated.'" Yong Chul Son v. Chu Cha Lee, 559 F. App'x 81, 83 (2d Cir. 2014) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). "Leave to amend is not necessary, however, when it would be futile." Id. (affirming dismissal of a pro se complaint without requiring an opportunity to amend); see Obot v. Sallie Mae, 602 F. App'x 844, 846 (2d Cir. 2015) (same); Cuoco, 222 F.3d at 112 (same where even a liberal reading of the complaint does not suggest "that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"); Selvam v. Experian Info. Solutions, Inc., No. 13 Civ. 6078 (DLI) (JO), 2015 WL 1034891, at *4 (E.D.N.Y. Mar. 10, 2015) (same).

Here, Plaintiff has not established a willful default or liability, and there is no indication that any valid claim for a willful violation of 15 U.S.C. § 1681b could be stated where Defendant pulled Plaintiff's credit report on only one occasion. Therefore, this Court respectfully recommends that Plaintiff's motion be denied, and the Complaint be dismissed with prejudice.

### III.   CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion for default judgment be denied and the Complaint be dismissed with prejudice.

### IV.   OBJECTIONS

This report and recommendation will be filed electronically, and Chambers will mail a copy to Plaintiff at the address listed for him on the docket.

Written objections to this report and recommendation must be filed within fourteen days of service and in accordance with the Individual Rules of the Honorable Carol Bagley Amon. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated:  Brooklyn, New York
        July 27, 2015

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge