FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2 3 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PIERRE AUGUSTIN,

                Plaintiff,

-against-

APEX FINANCIAL MANAGEMENT,

                Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-182 (CBA) (VMS)

**AMON, Chief United States District Judge:**

Plaintiff Pierre Augustin, proceeding pro se, filed the instant action alleging that defendant Apex Financial Management ("Apex") willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by accessing his consumer credit report without a permissible purpose and without his consent on October 14, 2011. (D.E. # 1, Compl. ¶ 9.) After Apex failed to appear and defend the action, Augustin moved for entry of default against Apex, which the Clerk of Court entered on August 26, 2014. (D.E. # 14.) Augustin then moved for default judgment, and on December 5, 2014, this Court referred the matter to the Honorable Vera M. Scanlon, United States Magistrate Judge, for a Report and Recommendation ("R&R").

On July 27, 2015, Magistrate Judge Scanlon issued the R&R. (D.E. # 15, R&R.) The R&R recommends that the Court deny Augustin's motion for default judgment because Augustin fails to provide adequate proof of service of process to establish either that the Court has personal jurisdiction over Apex or that Apex's failure to respond was willful, (id. at 5–6, 8); Augustin's motion for default judgment does not comply with the Local Rules, (id. at 6–7); and Augustin's complaint fails to plead sufficient facts to establish Apex's liability, (id. at 8–16). Based on the deficiencies in Augustin's complaint, the R&R further recommends that the Court dismiss the case with prejudice. (Id. at 16–17.)

1

Augustin timely objected to the R&R, raising three discrete arguments.[1] (D.E. # 18, Pl.'s Obj.) First, Augustin objects to the R&R's conclusion that service of process may have been inadequate and provides additional details explaining the affidavit of service. (Pl.'s Obj. at 1–2.) Second, Augustin objects to the R&R's conclusion that his motion for default judgment failed to adhere to Local Rule 55.2. (Id. at 2.) And third, Augustin presents a new argument about credit reporting agencies' methods for verifying that consumer reports are pulled for a permissible purpose. (Id. at 2–6.)

## DISCUSSION

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Although the Court is mindful that "[t]he objections of parties appearing pro se are generally accorded leniency," Williams v. Woodhull Med. & Mental

---

[1] Augustin also objects to a footnote in the R&R stating that "paragraph 20 of the [c]omplaint ends mid-sentence" and that it appears that a page is missing from the complaint. (R&R at 2 n.2.) He claims that he was never advised of this and requests leave to amend to correct this error. (Pl.'s Obj. at 1.) In light of this Court's September 29 Order directing Augustin to file a corrected copy of the complaint, (D.E. # 19), and Augustin's compliance with this Order, (D.E. # 20), this objection is moot.

2

Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (internal quotation marks and citation omitted), "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal," Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Augustin's first and second objections are sufficiently specific to trigger de novo review of the R&R's conclusions regarding service of process and compliance with Local Rule 55.2. As explained below, however, the Court concludes that Augustin's motion for default judgment should be denied because the complaint fails to establish Apex's liability under the FCRA. Accordingly, the Court need not delve into the R&R's alternative justifications for denying default judgment.[2]

At first glance, Augustin's third objection appears to be inapposite to the present case, in so far as it addresses the certification procedures used by credit reporting agencies. On a generous reading, however, the Court understands Augustin to argue that, because credit reporting agencies accept requesting entities' blanket certification that they will only request credit reports for permissible purposes, rather than requiring certification for each individual requests, "[t]he court cannot determine that Apex . . . made a mistake" rather than intentionally violating the FCRA in this case. (Pl.'s Obj. at 3–4). Although this objection is sufficiently specific to trigger de novo review, the Court need not consider it because it raises a new argument not presented to Magistrate Judge Scanlon. Scientific Components Corp. v. Sirenza Microdevices, Inc., No. 03-CV-1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established

---

[2] The Court notes, however, the concerns the R&R raises regarding service of process under the Federal Rules of Civil Procedure, (R&R at 5–6, 8), and compliance with the Local Rules for filing a motion for default judgment, (id. at 6–7). The Court informs Augustin that if future filings do not address the deficiencies identified in the R&R, they may be dismissed.

3

law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). Furthermore, even if the Court considered the objection, it would not affect the Court's conclusion because the objection misunderstands the burden in this case. The Court need not determine that Apex made a mistake in order to dismiss the complaint; rather, Augustin must adequately allege facts that make it plausible Apex acted willfully. The Court therefore reviews the remainder of the R&R, including those portions addressing the sufficiency of Augustin's complaint, for clear error.

## I. Default Judgment Liability

The Court adopts the R&R's recommendation to deny default judgment because Augustin's complaint fails to adequately allege a willful violation of 15 U.S.C. § 1681b. (R&R at 8–16.) To establish a valid claim under § 1681b and recover punitive damages under § 1681n, a complaint must "allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose" and "that the violation was willful." Perl v. Am. Exp., No. 12-CV-4380, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012). To allege willful noncompliance under the FCRA, a complaint must contain "factual allegations establishing that the defendant knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law." Perl v. Plains Commerce Bank, No. 11-CV-7972, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (citing Safeco Ins. Co. Am. v. Burr, 551 U.S. 47, 56–60 (2007)); see also Northrop v. Hoffman of Simsbury, Inc., 12 F. App'x 44, 50 (2d Cir. 2001) ("To show willful noncompliance, a plaintiff must show that a defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive.'") (quoting Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir. 1998)). The Court agrees that

Augustin's complaint, which alleges that Apex pulled his credit report on only one occasion, fails to sufficiently allege a willful violation of § 1681b. (See R&R at 15–16.) Absent allegations that Apex had "prior notice of the potential for a violation" or "any other allegations that would render it facially plausible that [Apex]'s conduct was the product of willfulness rather than mistake," (id. at 16), the complaint fails to establish Augustin is entitled to relief. The R&R describes a number of examples of pleadings both sufficient and insufficient to allege willfulness, which may guide Augustin in future filings. (See id. at 13–14.)

## II. Leave to Amend

"Generally, leave to amend should be 'freely given,'" Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)), and a "pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal alterations and citation omitted). As the R&R concluded, the single pull alleged in the complaint, unsupported by additional facts indicating Apex knew it had no permissible purpose for pulling Augustin's report, seems unlikely to support a claim for willful violation of the FCRA. (R&R at 17.) However, in light of Augustin's pro se status and the solicitude with which Courts in this Circuit interpret pro se complaints, the Court grants Augustin leave to amend his complaint to provide additional facts supporting his allegations of willfulness.

## CONCLUSION

Accordingly, the Court adopts Magistrate Judge Scanlon's recommendation to deny Augustin's motion for default judgment. Augustin is granted leave to file an amended complaint within thirty (30) days of the date of this Order to address the deficiencies regarding Augustin's allegations of willfulness described above. If Augustin files an amended complaint, he must serve

his amended complaint on Apex in conformance with the procedures identified in the R&R. If Apex again fails to respond, Augustin may again move for a default judgment. If Augustin fails to file an amended complaint within thirty (30) days, the action will be dismissed with prejudice.

SO ORDERED.

Dated: November 19, 2015
      Brooklyn, NY

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge